IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE G. MELECH,                )<br>        Plaintiff,                     )<br>                                         )<br>vs.                                     )          CIVIL ACTION NO.: 10-00573-KD-M<br>                                         )<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, *et al.*,       )<br>        Defendants.                 )  | |

**ORDER**

This matter is before the Court on Plaintiff Diane G. Melech's Rule 72(a) "Statement of Appeal of the Magistrate Judge's Order Denying D.E. 34 and D.E. 38-42" and brief (Docs. 68, 69), Defendant Life Insurance Company of North America's Response in Opposition (Doc. 73) and Plaintiff's Reply (Doc. 74).

**I.      Background**

This action arises out of a dispute concerning Plaintiff Diane G. Melech's ("Plaintiff") entitlement to long-term disability benefits under a policy issued by Defendant Life Insurance Company of North America ("Defendant") to her former employer, The Hertz Corporation. Defendant denied Plaintiff's claim because she did not meet the Plan's definition of "disabled," and Plaintiff subsequently initiated this litigation to recover benefits under Section 502(a)(1)(B) of the *Employee Retirement Income Security Act of 1974,* as amended ("ERISA").

According to Plaintiff, "[a]mong the issues the Court will be tasked with deciding when the parties file their respective motions for judgment will be (1) whether LINA's claims denial was influenced by its inherent conflict of interest to such a degree that its decision to deny Melech's claim becomes necessarily suspect under Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008); (2) whether LINA's claims denial is subject to a *de novo* standard of review because of a lack of an

express grant of discretionary authority to the entity which actually administered the claim; (3) whether LINA breached fiduciary and statutory duties to provide certain documents for which production is mandatory under 29 C.F.R. § 2560.503-1; and (4) whether LINA's claims decision was either wrong or the product of bad faith due to, among other things, the failure of its claims personnel to adhere to standardized Plan policies and procedures that its claims handlers were required to follow." (Doc. 69 at 3-4). Plaintiff propounded discovery as to each of these issues, and it is the Court's March 2012 rulings (Docs. 61, 66) denying her related motions to compel (Docs. 34, 38-42) which constitutes the present appeal.

At the heart of this contention is Plaintiff's claim that the Magistrate Judge "misconstrued" ERISA case law and erroneously adopted Defendant's rationale to incorrectly conclude that "there is no discovery beyond what [Defendant] elected unilaterally to include in its claim file." (Doc. 69 at 4-5). Specifically, Plaintiff contends that the Magistrate Judge's conclusion that the requested discovery was precluded under Blakenship v. Metro. Life Ins. Co., 644 F.3d 1350 (11th Cir. 2011) is inconsistent with Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). From this, Plaintiff asserts that the following rulings are contrary to law: 1) no discovery beyond the claim file is permitted in an ERISA case; 2) Defendant has no obligation (under Rule 26 or Department of Labor regulations) to produce documents related to the administration of plan benefits claims; 3) Defendant is not required to produce organizational documents relating to conflict issues and whether those participating in the claims decision acted under a proper grant of authority; 4) Defendant and its agents have no obligation to search for and produce documents they did not "rely on" is inconsistent with federal law and Department of Labor regulations; and 5) the sustaining of Defendant's objections to Plaintiff's requests for admission. According to Plaintiff, nearly all of these discovery requests go to the central question of whether Defendant, as the Plan administrator, complied with ERISA's procedural regulations in matters such as ensuring the completeness of the

2

administrative record, and with regard to making a claims determination free from procedural conflict at the administrative level.

## II.     Standard of Review of Magistrate Judge Discovery Ruling

A Magistrate Judge's discovery rulings are a final decision which is not subject to a de novo determination, as is a Report and Recommendation.  See, e.g., Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981); Featherston v. Metropolitan Life Ins. Co., 223 F.R.D. 647, 650-651 (N.D. Fla. 2004).  Instead, such final are subject to a "clearly erroneous or contrary to law" standard – one which is "extremely deferential." See 28 U.S.C. § 636(b)(1)(A); Rule 72(a); S.D.Ala. LR 72.3(c); Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, *5 (S.D. Ala. July 23, 2008).  Plaintiff contends that Judge Milling's discovery rulings on her motions to compel were both clearly erroneous and contrary to law.  "Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court 'finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made.'" Pigott, 2008 WL 2937804, *5.  A ruling is "contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." Id.

## III.    Discussion

A review of the March 2012 discovery hearing reveals that the parties agree that a structural conflict exists and that discretion is afforded Defendant under the Plan, such that the arbitrary and capricious standard would apply if the Court determines the decision to be de novo wrong.  With this in mind, the issue before the Court is whether the Magistrate Judge's denials of Plaintiff's discovery requests in this ERISA case were clearly erroneous or contrary to law.

"Discovery in an ERISA disability case is permissible on a limited basis, with focus on the claim administrator's decision-making."  Ricard v. International Business Machines Corp., Slip Copy, 2012 WL 1131996, *1 (M.D. Fla. Apr. 4, 2012).  "Rule 26(b)(1) permits parties to a civil

3

case to conduct discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party in the case. Like most discovery disputes, then, in this ERISA case, the scope of discovery will hinge on whether the discovery sought by the plaintiff is relevant to the 'claim or defense of any party.'" Featherston, 223 F.R.D. at 651. "The standard of review in an ERISA case will dictate what facts or evidence the plaintiff must prove in order to successfully claim an entitlement to benefits under the terms of an employee benefit plan. Therefore, the applicable standard of review will also shape the permissible scope of discovery in ERISA cases." Id. ERISA provides no standard for courts reviewing the benefits decisions of plan administrators or fiduciaries; thus, the Supreme Court established guidance for same in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 (1989) and Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). More recently, the Eleventh Circuit has reiterated a multi-step framework to guide lower courts when reviewing a plan administrator's benefits decision. This framework consists of the following "six-step expanded Firestone" test:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is " *de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blakenship v. Metropolitan Life Ins. Co., 644 F.3d 1350, 1355 (11th Cir. 2011) (citing Capone v. Aetna Life Ins. Co., 592 F.3d 1189, 1195 (11th Cir. 2010) and Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1137 (11th Cir. 2004), *overruled on other grounds by* Doyle v. Liberty Life Assurance Co. of Boston, 542 F.3d 1352 (11th Cir. 2008)). "All steps of the analysis are 'potentially at issue' where a plan vests discretion to the plan administrator to make benefits determinations. *See id.* at 1356 n 7.

### A. Conflict of Interest Discovery

Plaintiff sought discovery due to the presence of a structural conflict, which Defendant readily admits exists (that it both insures benefits and administers claims). Specifically, Plaintiff sought, *inter alia*, the manner in which claim handlers were compensated and evaluated. Per Blakenship, the existence of a conflict is one of the factors a reviewing must consider when deciding if an adverse benefits determination is arbitrary and capricious. As such, Plaintiff contends that the discovery she sought on the conflict question is necessary so the Court may fully and fairly conduct its required analysis, and moreover, because she bears the burden of showing the decision was tainted by conflict, such discovery is vital to her case.

"[I]t is appropriate to permit discovery related to the conflict of interest because if it is necessary for the court to consider that factor, the court must weigh the varying circumstances of its existence and extent." Moore v. Metropolitan Life Ins. Co., Slip Copy, 2011 WL 2559627, *4 (M.D. Ala. Jun. 27, 2011) (citing Self v. Prudential Ins. Co. of Am., 2010 WL 996503, *3 (N.D. Fla. 2010) (finding that discovery under Glenn was "necessary to reveal those facts" related to the existence of a conflict of interest)). See also Crosby v. La. Heal Serv. and Indem. Co., 647 F.3d 258, 263-264 (5th Cir. 2011) (noting that a claimant may question the existence and extent of a

conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan).

In this instance the Defendant has provided a response concerning the manner in which claim handlers are compensated, including bonuses. The Defendant has not provided any information on the criteria used to evaluate claim handlers. Defendant is **ORDERED** to supplement its response with any written documentation, manuals, memorandum or policies which set forth the general guidelines for the evaluation and compensation of employees who handle disability claims. Otherwise, the Magistrate Judge's ruling is affirmed as to the requested discovery regarding conflict of interest.

      **B.**      **Manuals, Guideline and Other Documents & Procedural Violations**

Plaintiff sought discovery of the Defendant's manuals, guidelines and similar documents (including service agreements) – whether relied upon or not[1] -- for claims administration matters. The Court denied this request as presented, noting that the Defendant had produced the entire claims file and the service agreement. However, the Defendant did not produce the entire claims procedure manual, but rather offered to produce the index to same from which Plaintiff could decide which portions of the manual she wished to have produced. Defendant explained that the claims procedure manual covers all types of insurance claims, not just long term disability claims. Defendant also states that the manual is not organized by type of claim. Plaintiff contends that the index is too vague to be able to determine what is relevant. Upon consideration, the Defendant is **ORDERED** to produce, pursuant to the protective order (Doc. 62), the claims procedure manual in its entirety.

---

1 Plaintiff contends that Defendant should produce all of this (and other items such as a checklist and list of information used from the Defendant's library) because if its personnel ignored certain procedures that should have otherwise governed the claims process, Plaintiff should be allowed to discover that to show that her claim was handled/decided improperly – *i.e.*, arbitrary and capricious because Defendant did not do what it should have done in deciding her claim. (Doc. 69 at 16-19).

Otherwise, the Magistrate Judge's rulings are affirmed in all respects.

**DONE** and **ORDERED** this the **26th** day of **April 2012.**

                                    /s/ Kristi K. DuBose
                                    **KRISTI K. DUBOSE**
                                    **UNITED STATES DISTRICT JUDGE**