IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DIANE G. MELECH,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.: 10-00573-KD-M** |
| ) | |
| **LIFE INSURANCE COMPANY OF** ) | |
| **NORTH AMERICA,** *et al.*, ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on Plaintiff's Rule 72 "Statement of Appeal of Magistrate Judge's Order [D.E. 129]" (Docs. 130, 131) and Plaintiff's Motion to Stay (Doc. 132).

Specifically, Plaintiff contends that the Magistrate Judge's Order (Doc. 129) is clearly erroneous and contrary to law because the ruling "interprets" a prior order (April 27, 2012 Order mandating conflict-of-interest discovery) as providing that the Defendant "is not required to produce documents [highly relevant to the conflict-of-interest issue] evidencing the actual evaluations performed for each of its employees involved in closing Melech's claim[.]" Plaintiff contends that such information is critical to her ability to show whether the Defendant's decision was actually motivated by improper reasons such as company profitability.

Pursuant to Fed.R.Civ.P. Rule 72(a), in reviewing a Magistrate Judge's order on a nondispositive matter, the court will set aside or modify an order only when it is found to be clearly erroneous or contrary to law.[1] The undersigned has reviewed the Order and Plaintiff's Appeal. The

---

1 A Magistrate Judge's discovery rulings are final decisions not subject to a de novo determination. See, e.g., Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981); Featherston v. Metropolitan Life Ins. Co., 223 F.R.D. 647, 650-651 (N.D. Fla. 2004). Such final decisions are subject to a "clearly erroneous or contrary to law" standard which is "extremely deferential." See 28 U.S.C. § 636(b)(1)(A); Rule 72(a); S.D.Ala. LR 72.3(c); Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, *5 (S.D. Ala. July 23, 2008). "Relief is appropriate under the 'clearly erroneous' prong…if the district court 'finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made.'" Pigott, 2008 WL 2937804, *5. A ruling is "contrary to law when it fails to apply or misapplies relevant statues, case law or rules of

1

Magistrate Judge's Order (Doc. 129) is neither clearly erroneous nor contrary to law.  Accordingly, it is **ORDERED** that Plaintiff's Appeal (Docs. 130, 131) is **DENIED** and the Magistrate Judge's Order (Doc. 129) is **AFFIRMED** such that Plaintiff's Motion to Stay (Doc. 132) is also **DENIED.**

**DONE** and **ORDERED** this the **18**th day of **July 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

procedure." Id.