IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DIANE G. MELECH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.  10-00573-KD-M |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) |
| **NORTH AMERICA, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the Defendants' Motion to Dismiss Count IV of Plaintiff's First Amended Complaint and plaintiff Diane Melech's response (docs. 189, 200).[1] Upon consideration and for the reasons set forth herein, the motion is GRANTED.

Defendants move the Court to dismiss Count IV of the first amended complaint wherein plaintiff asserts a claim for failure to provide documents – the claim file for the post-remand decision to deny plaintiff's claim for long-term disability (doc. 189). Defendants argue that the claim in Count IV exceeds the scope of this Court's review under the limited remand from the Eleventh Circuit Court of Appeals; and therefore, plaintiff cannot assert a new penalty claim under 29 U.S.C. § 1132(c) or revive the

---

[1] Plaintiff also filed three letters: a letter dated October 1, 2014 wherein plaintiff requested documents from the defendants, a letter dated October 15, 2014 wherein defendants acknowledge the request, and a letter dated January 5, 2015, wherein plaintiff acknowledges receipt of a copy of the claim file. (Doc. 193) The Court has not relied upon these letters to reach its decision.  Therefore, the Court has not considered evidence beyond the pleadings, and thus, need not convert the motion to dismiss into a motion for summary judgment. *See Harper v. Lawrence County., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them-there is no more formal step required.").

penalty claim raised in her original complaint.[2]  Defendants also argue that plaintiff cannot state a viable cause of action for the statutory penalties against LINA and that the statute, referenced in §1132(c),[3] does not provide penalties for failing to produce the type of documents that plaintiff requested.   Defendants also assert that for failing to produce the documents requested – an update of defendants' initial disclosures and prior productions – the remedy would be a motion to compel and not a penalty claim.

Plaintiff now agrees to dismissal of Count IV.  After reviewing the documents produced December 29, 2014, plaintiff "determined that in light of Defendants' production of at least *most* of the claim file," Count IV is "no longer necessary" and "agrees to the dismissal[.]" (Doc. 200, p. 3) (italics in original).

In view of plaintiff's agreement to dismiss Count IV and because the documents requested by the plaintiff have been produced, the defendants' motion to dismiss Count IV is GRANTED.  *See McCroan v. United Parcel Service, Inc.,* 2014 WL 4854184, *3 (N.D. Fla. Sept. 29, 2014) (finding that it was within the court's discretion to dismiss without discussion Counts I and II of the first amended complaint based on McCroan's response that he "is not pursuing claims of age discrimination or worker's compensation retaliation" but construing his response to mean that he was still pursuing Count III for retaliation under the ADEA);

DONE and ORDERED this the 15th day of January 2015.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        STATES DISTRICT JUDGE

---

[2]  Relevant to this motion, § 1132(c)(1) provides for a monetary civil penalty against an administrator who refuses to comply with requests for information, which the administrator is required by statute or regulation to furnish to a participant or beneficiary.

[3]  Defendants argue that none of the documents requested by plaintiff are identified in the statute, and therefore defendant LINA cannot be subject to the penalties.