IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DIANE G. MELECH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 10-00573-KD-M |
| ) | |
| **LIFE INSURANCE COMPANY OF** ) | |
| **NORTH AMERICA, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on "Plaintiff's Interim Application for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 1132(g)," which was filed January 27, 2015 (Doc. 211).

Prior to the filing of the instant motion, the district court granted summary judgment on behalf of the Defendant. (Doc. 162). This decision was vacated by the Eleventh Circuit Court of Appeals, and this court was instructed to remand the matter to LINA for further consideration. After complying with the Eleventh Circuit's instructions on remand, this Court again entered summary judgment on behalf of the Defendant. (Doc. 259).

In an ERISA action by a plan participant to recover benefits, "the court in its discretion may allow a reasonable attorney's fee ... to either party." 29 U.S.C. § 1132(g)(1). On March 27, 2014, ten months prior to filing the instant motion, Plaintiff sought an award of attorneys' fees and costs from the Eleventh Circuit. The parties extensively briefed the issue of attorneys' fees and whether a remand to the plan administrator was an event sufficient to warrant the award of attorneys' fees.

On July 16, 2014, the Eleventh Circuit remanded Plaintiff's "Application for Fees and Costs" to this court "for a determination of the reasonable amounts of trial and appellate

attorney's fees, costs, and expenses to be awarded, if any, *should [Plaintiff] prevail on the merits of her underlying ERISA claims*." (emphasis added). Plaintiff filed a motion for the Court of Appeals to reconsider, arguing that its decision was in conflict with *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149 (2010), and other Circuits' decisions regarding whether remand to a plan administrator was an event rendering a party eligible for an award of attorneys' fees and costs.[1] On October 8, 2014, the Eleventh Circuit denied Plaintiff's motion to reconsider without discussion.

Plaintiff makes the same arguments before this Court. However, the Court interprets the mandate as allowing the undersigned to award an attorney fee only if Plaintiff prevailed on the merits. As evidenced by this Court's recent entry of summary judgment on behalf of the Defendant, Plaintiff did not "prevail on the merits of her underlying ERISA claims." Accordingly, "Plaintiff's Interim Application for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 1132(g)" is **DENIED**. (Doc. 211).

**DONE** and **ORDERED** this **25th** day of **August 2015**.

                                         **/s/ Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] In *Hardt*, the Supreme Court held that a plaintiff need not be a "prevailing party" in order to receive an award under Section 1132(g)(1). Id. at 2156. Instead, a party is "eligible" for an award of fees and costs, *Id.* at 2158 n. 8, "as long as the fee claimant has achieved some degree of success on the merits." *Id.* at 2152 (internal quotes omitted); *accord Id.* at 2158. "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victor[y]."*Id.*(internal quotes omitted). The standard is met, however, "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (internal quotes omitted). However, the Hardt decision also stated: "[W]e need not decide today whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under *§ 1132(g)(1)*." *Id*. at 2159.